## TEXAS EMPLOYERS' INS. ASS'N v. WRIGHT et al. (Motion No. 8074; No. 868—4968.)

Commission of Appeals of Texas, Section B.
May 30, 1928.

Costs ⬠234—Where judgment on appeal is same in amount, but as respects payment more favorable than before, appellant is entitled to costs in appellate courts (Rev. St. 1925, art. 2065).

Under Rev. St. 1925, art. 2065, where judgment on appeal is in the exact amount of the original judgment but in respect to payment is more favorable to appellant than was the original judgment, appellant is entitled to all costs in appellate courts.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

On motion to retax costs. Motion overruled.

For original opinion, see 4 S.W.(2d) 31. See, also, 297 S. W. 764.

Lawther, Pope, Leachman & Lawther and Neth L. Leachman, all of Dallas, for plaintiff in error.

J. H. Randell, of Denison, for defendants in error.

SPEER, J. This is a motion by defendants in error seeking to have the costs retaxed and adjudged against the plaintiff in error. In the motion it is stated that the costs "of all the courts" had been awarded against defendants in error. This is a mistake. The judgment entered in this court awarded the costs of the Court of Civil Appeals and of this court against the defendants in error, but it in no wise disturbed the judgment of the trial court with respect to costs; but on the contrary, it affirmed the judgment of that court for a recovery.

With respect to the costs of appeal and error, article 2065 of our Statutes, which it is claimed our order has violated, is as follows:

"When a case is appealed, if the judgment of the higher court be against the appellant, but for less amount than the original judgment, such party shall recover the costs of the higher court but shall be adjudged to pay the costs of the court below; if the judgment be against him for the same or a greater amount than in the court below, the adverse party shall recover the costs of both courts. If the judgment of the court above be in favor of the party appealing and for more than the original judgment, such

party shall recover the costs of both courts; if the judgment be in his favor, but for the same or a less amount than in the court below, he shall recover the costs of the court below and pay the costs of the court above."

On this appeal the judgment of the Supreme Court was against the plaintiff in error, who was the appellant, but while it was for the exact amount of the original judgment, it was nevertheless, in respect to the payment, more favorable to it than was the original judgment. In other words, the appellant (plaintiff in error) was successful and prosecuted its appeal to effect securing the relief (in part) which it sought by the appeal, and it is in keeping with the policy of the law and the spirit and intention of the statute that it should recover the costs for the prosecution of its appeal to a successful end. To interpret the statute as applying only to those cases literally within its terms would do violence to the spirit and real intention of the article by denying to a successful appellant his costs, where the relief obtained could not be measured in dollars and cents as a difference between the judgment below and that rendered in the higher court. Such an interpretation of the statute would lead to an absurdity and will not be adopted.

We therefore recommend that the motion to retax costs be overruled.